**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSE FRANCISCO MAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 4:13cv201 |
| | § | Judge Clark/Judge Mazzant |
| JPMORGAN CHASE BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 14, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment [Doc. #28] be granted [Doc. #36]. On May 29, 2014, Plaintiff filed his objections [Doc. #38]. On June 2, 2014, Defendant filed a response [Doc. #39].

In this mortgage foreclosure case, the Magistrate Judge found that the facts were undisputed. The Magistrate Judge found that Plaintiff: defaulted on the loan; was notified of the default; did not cure the default; was notified that the debt was accelerated; and that the property would be sold at foreclosure. The Magistrate Judge further found that Plaintiff: admitted the notices satisfied the requirements of the Deed of Trust and Texas Property Code; admitted there was no written agreement to postpone the November 6, 2012 foreclosure sale; attempted to send an incomplete request for mortgage assistance to Defendant, but sent it to an unknown telephone

1

number not designated as the facsimile number of Defendant; and was informed on November 5, 2012, that the property would be sold on November 6, 2012. The Magistrate Judge further found that the property was sold at foreclosure on November 6, 2012. Plaintiff did not object to any of these findings.

Plaintiff filed objections, but the court agrees with Defendant that Plaintiff merely rehashes the arguments he previously asserted and Plaintiff does not identify any specific legal or factual conclusion that is inaccurate or deserving of objection.

Plaintiff first objects to the report regarding the breach of contract claim and claim for violation of the Texas Property Code. Specifically, Plaintiff asserts that he pleaded sufficient facts to show that Defendant failed to provide proper notice to Plaintiff and that Defendant's actions constituted a waiver of its rights to accelerate and foreclose, and that the report erroneously recommends that Plaintiff's claims be dismissed. This objection has no merit since it is based upon whether a claim was pleaded, and does not address the correct summary judgment standard.

Plaintiff further asserts that he showed ample evidence that he was not provided with, and Defendant does not assert that Plaintiff was sent, a reinstatement figure or given the opportunity to reinstate before the sale of his property at foreclosure. Plaintiff further asserts that the notice of default was allegedly sent on December 5, 2011, nearly one year before the foreclosure of Plaintiff's property commenced, making the notice stale.

Plaintiff made these same exact arguments to the Magistrate Judge and the Magistrate Judge rejected them. The Magistrate Judge was correct. Plaintiff's arguments are completely unsupported by the facts and are contrary to Texas law and Fifth Circuit precedent. Plaintiff has failed to raise a material fact issue. There is no evidence of waiver, and the proper notices were

sent.

Plaintiff next objects to the dismissal of his claims under the Texas Debt Collection Practices Act ("TDCA"). Plaintiff asserts that the Magistrate Judge did not address all of his claims under the TDCA. A review of the report demonstrates that the Magistrate Judge addressed each claim made by Plaintiff under the TDCA. The Magistrate Judge specifically addressed and rejected Plaintiff's claims under sections 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19). Plaintiff's objection fails to point out what allegation was omitted by the Magistrate Judge. The court agrees with the Magistrate Judge that the undisputed summary judgment evidence unequivocally established Defendant was entitled to summary judgment on Plaintiff's TDCA claims.

Plaintiff next objects to the dismissal of the quiet title claim, asserting that the report "is premised on the fact that Plaintiff's breach of contract claim should be dismissed." Plaintiff argues that since the contract claim should not be dismissed, this claim should also not be dismissed. Since the contract claim was properly dismissed, the Magistrate Judge did not err. Defendant also correctly points out that the Magistrate Judge did not recommend dismissal of this claim merely premised on the failure of Plaintiff's breach of contract claim, but also premised on Plaintiff's complete failure to establish his superiority of title. The Magistrate Judge correctly determined that Plaintiff failed to offer summary judgment evidence of his superior title. There is no evidence that there was any problem with the foreclosure sale.

Finally, Plaintiff objects to the denial of his requests for declaratory relief and for an accounting, because his other claims should not be dismissed. Since the Magistrate Judge correctly recommended dismissal of all of Plaintiff's claims, there is no basis for declaratory relief or an accounting.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #38] and Defendant's response [Doc. #39], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment [Doc. #28] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **2** day of **July, 2014.**

_____
Ron Clark, United States District Judge